FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 0 8 2010

DAVID J MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Cause No. 1:10-CR- 110 |
| | § | Heartfield |
| DARIUS FEDOR VAXTER | § | |
| and | § | |
| VERA SCARBROUGH | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

        Violation: 21 U.S.C. § 846 Conspiracy with intent to distribute a controlled substance.

That from on or about July, 2009, the exact date being unknown to the Grand Jury, and continuing thereafter until August 24, 2010, in the Eastern District of Texas and elsewhere, **Darius Fedor Vaxter** and **Vera Scarbrough**, defendants, did knowingly and intentionally combine, conspire, confederate with each other and other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute five kilograms of more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

In violation of 21 U.S.C.§ 846.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal forfeiture pursuant to 21 U.S.C. § 853 and § 881

Upon conviction of the controlled substance offense alleged in Count One of this indictment, defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## MONEY JUDGMENT

A sum of money equal to $250,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and possess with intent to distribute five kilograms of more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendant(s) any and all interest the defendant(s) has/have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to Title 21 U.S.C. §§ 853 and/or 881.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
John A. Craft
Assistant United States Attorney

9/8/10
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Cause Number 1:10-CR-110 |
| | § | |
| DARIUS FEDOR VAXTER | § | |
| and | § | |
| VERA SCARBROUGH | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846

Penalty: Not less than **TEN (10)** years nor more than **LIFE** imprisonment, a fine not to exceed **$4,000,000.00**, or both, and supervised release of not **less** than **FIVE (5)** years or more than **life**.

Special Assessment: $100.00